IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL WARD                            :

    vs.                                 :        Y-98-3326

AMERICAN OFFICE EQUIPMENT               :
COMPANY, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Following a bench trial, judgment was entered in favor of defendant and against plaintiff on November 12, 1999. Defendant filed a timely Motion for Award of Costs in the amount of $2,070.00. Plaintiff has filed a response in opposition to which defendant has replied. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

## FEES OF COURT REPORTERS FOR DEPOSITIONS

Defendant requests reimbursement of $1,398.15 associated with costs incurred for the depositions of plaintiff and Lubertha and Bishop Ward. The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165 (D.Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's



authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses. Costs associated with depositions of plaintiff shall be allowed in the amount of $1,135.20.[1] Lubertha and Horace Ward testified at plaintiff's trial. Consequently, fees associated with their depositions shall be allowed in the amount of $247.95. Given this determination, deposition costs shall be awarded in the amount of $1,383.15.[2]

## FEES FOR EXEMPLIFICATION OF PAPERS

Defendant requests reimbursement for copying costs in the amount of $347.55 associated with making copies of its motion for summary judgment, with supporting exhibits, and with copying costs associated with producing exhibits for use at trial. Copy work has historically been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *Advance Business Systems & Supply Co.*, 287 F. Supp. at 165. However, two opinions of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, the Court found that "(P)photocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *Cf. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*,

---

[1] Costs associated with the reading, signing, postage, and Federal Express mailing of depositions or with duplicate versions of the transcript, whether they are a condensed or diskette version, are not allowed.

[2] Part of this cost includes a court reporter's appearance fee of $106.35 for a scheduled deposition of plaintiff. Plaintiff did not appear and defendant asserts it is entitled to reimbursement of this cost because plaintiff failed to notify them ahead of time that he was not going to appear. Plaintiff contends that there exists a real and genuine dispute as to the arrangements of this deposition which was the subject of a series of letters between him and defendant's counsel. The undersigned does not have the discretion to deny this cost request based on the information provided. However, counsel for plaintiff may, within the time permitted by Local Rule 105.2, file a motion for review or exceptions to the undersigned's order.

594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319. Given the foregoing, defendant's copying cost in the amount of $85.95 shall be awarded. However, with regard to the copying costs incurred in producing trial exhibits, the undersigned cannot determine from the Bill of Costs and supporting documentation how much of the requested photocopying cost actually consists of those exhibits which were prepared and necessarily used at the trial. *See Advance Business Systems & Supply Co.*, 287 F. Supp. at 164. Because the trial judge is in a better position to determine if these printing, copying, and production costs were reasonable and/or necessary, counsel is free to petition the Court for a supplement to this award of costs.

## NOMINAL ATTORNEYS FEES

Defendant requests $20.00 for fees taxed pursuant to 28 U.S.C. § 1923 associated with attorneys fees for the trial held in this matter. The Clerk finds this cost request allowable.

## WITNESS AND MILEAGE FEES

Defendant requests the taxation of the $40.00 witness fee paid to Lubertha and Horace Ward for both their deposition and trial appearances. Generally, if a witness testifies at trial, the prevailing party may recover as costs the fees and disbursements as to that witness. If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness. It appearing that the above-noted witnesses testified at the trial of this matter, I shall allow the requested $40.00 witness fees to be taxed as to the requested witnesses. Fees associated with mileage are an allowable costs and defendant's request for an award of $9.30 in travel expenses shall be awarded. For the aforementioned reasons, witness fee costs shall be allowed in the amount of $169.30.

## FEES FOR SERVICE OF SUBPOENA

Defendant seeks $135.00 in fees associated with obtaining process service of subpoenas on Lubertha and Horace Ward and on the resident agent for plaintiff's current employer. The Clerk of the Court will tax reasonable private process server fees for trial subpoenas as to witnesses who have testified at trial. While the Clerk will allow costs associated with service of subpoenas on the Wards in the amount of $80.00, the fee associated with service of a subpoena on the resident agent of plaintiff's employer is disallowed.

The Clerk duly notes plaintiff's exceptions to the taxation request, but finds his arguments unpersuasive. Fed. R. Civ. P. 54(d)(1) makes clear that in the ordinary course a prevailing party is entitled to an award of costs. The mere fact that a suit has been brought in good faith is alone insufficient to warrant a denial of costs in favor of a prevailing defendant. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *cf. Coyne-Delany Co. v. Capital Dev. Bd. of Illinois*, 717 F.2d 385 (7th Cir. 1983). Furthermore, while plaintiff argues that costs should be disallowed due to his modest financial means, where, as here, Judge Young did not indicate that the parties were to bear their own costs and plaintiff has failed to establish that he cannot afford to pay said costs, his lack of financial resources seems to the undersigned to be immaterial for taxation purposes. *Smith v. Southeastern Pennsylvania Transportation Authority*, 47 F.3d 97, 99-100 (3rd Cir. 1995). While the Court has discretion to deny an award of costs, the Clerk, acting pursuant to 28 U.S.C. §1920, is more constrained. Thus, despite plaintiff's arguments regarding his economic standing, the undersigned

must enter an order directing that, where appropriate, the items of expense sought by defendant be paid.[3]

**AWARD**

Accordingly, costs are entered in favor of defendant and against plaintiff in the amount of $1,738.40. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this 13th day of January, 2000.

Felicia Cannon
Clerk, United States District Court,
District of Maryland

---

[3] Plaintiff may, however, contest the award by way of motion. Said motion must be filed with the Clerk within five days of the date of this Order, and should be directed to the trial judge. See F.R.Civ.P. 54(d).